# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KAREN SANFORD, | ) |
| Claimant, | ) No. 16 C 9870 |
| v. | ) Magistrate Judge Jeffrey T. Gilbert |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1] | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Claimant Karen Sanford ("Claimant") seeks review of the final decision of Respondent Nancy A. Berryhill, Acting Commissioner of Social Security ("the Commissioner"), denying Claimant's application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). Pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, the parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings, including entry of final judgment. [ECF No. 10.] The parties have filed cross-motions for summary judgment pursuant to Federal Rule of Civil Procedure 56. [ECF Nos. 21, 23.] For the reasons stated below, Claimant's Motion for Summary Judgment is granted, and the Commissioner's Motion is denied. The decision of the Commissioner is reversed, and the case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

## I. PROCEDURAL HISTORY

On November 13, 2013, Claimant filed her claim for Supplemental Security Income ("SSI") and, on November 19, 2013, filed her claim for Title II Disability Insurance Benefits ("DIB"). (R. 166–171; R. 172–175.) The claims were denied on January 31, 2014, and upon

---

[1] Nancy A. Berryhill is substituted for her predecessor Carolyn W. Colvin pursuant to Federal Rule of Civil Procedure 25(d).

reconsideration on October 23, 2014. (R. 16.) Claimant amended the alleged onset date of disability to November 7, 2013. (R. 159.) This amendment made Claimant ineligible for DIB under Title II of the Act because Claimant would not have disability insured status on the date of onset (20 CFR §§ 404.130, 404.131, and 404.315). (R. 16.) Claimant voluntarily elected to withdraw her request for a hearing as it pertained to the application for a period of disability and DIB through her representative at the hearing on April 14, 2016. (R. 16.) Thus, Claimant's DIB claim was dismissed by the Administrative Law Judge ("ALJ"), and only Claimant's claim for SSI was considered. (*Id.*) Claimant, represented by counsel, appeared and testified at the hearing before the ALJ. (R. 28–50.) The ALJ also heard testimony from vocational expert Brian Harmon (the "VE"). (R. 33, 47–50.)

### A. The ALJ's Decision Was Favorable to Claimant

On May 10, 2016 the ALJ granted Claimant's claim for SSI based on a finding that she was disabled under the Act. (R. 11–22.) In her decision, the ALJ went through the five-step sequential evaluation process required by the Social Security Regulations ("SSR").[2] 20 C.F.R. § 404.1520. At step one, the ALJ found that Claimant had not engaged in substantial gainful activity ("SGA") since her amended alleged onset date of November 7, 2013. (R. 18.) At step two, the ALJ found that Claimant had the severe impairments of essential hypertension, hyperlipidemia, weak left palmar muscle and quadriceps, and obesity. (*Id.*) At step three, the ALJ found that Claimant did not have an impairment or combination of impairments that met or

---

[2] SSRs "are interpretive rules intended to offer guidance to agency adjudicators. While they do not have the force of law or properly promulgated notice and comment regulations, the agency makes SSRs binding on all components of the Social Security Administration." *Nelson v. Apfel*, 210 F.3d 799, 803 (7th Cir. 200); *see* 20 C.F.R. § 402.35(b)(1). Although the Court is "not invariably bound by an agency's policy statements," the Court "generally defer[s] to an agency's interpretations of the legal regime it is charged with administrating." *Liskowitz v. Astrue*, 559 F.3d 736, 744 (7th Cir. 2009).

medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 19.)

The ALJ then found Claimant had the residual functional capacity ("RFC")[3] to perform sedentary work, except that she can occasionally lift/carry twenty pounds; sit about six of eight hours and stand/walk about two of eight hours; occasionally climb ramps and stairs, but never climb ladders, ropes or scaffolds; frequently stoop, kneel, crouch, and crawl. (R. 19.) Based on this RFC, the ALJ determined at step four that Claimant was unable to perform any of her past relevant work. (R. 20–21.) Lastly, at step five, the ALJ found that given Claimant's age, education, work experience, and RFC, there were no jobs that exist in significant numbers in the national economy that she can perform. (R. 21.) Therefore, the ALJ found that Claimant had been under a disability since November 7, 2013. (*Id.*)

**B. The Appeals Council Reversed the ALJ's Decision**

On July 7, 2016, the Appeals Council notified Claimant that the ALJ's May 10, 2016 decision was under review. (R. 160–165.) On August 19, 2016 the Appeals Council issued an unfavorable decision for the Claimant, finding her not disabled under the Act. (R. 1–10.) The Appeals Council held that the ALJ's decision was not supported by substantial evidence. 20 C.F.R. § 404.970(a)(3). (R. 5.) The Appeals Council gave two reasons why substantial evidence did not support the ALJ's decision. (*Id.*) First, the Appeals Council found that the objective medical evidence did not substantially support the work-related limitations set forth in the ALJ's decision as of November 2013. (*Id.*) The Appeals Council noted that Claimant alleged joint pain in her back, knees and hands, but found that the examinations and objective imaging did not support that she had medically determinable impairments that reasonably could result in the

---

[3] Before proceeding from step three to step four, the ALJ assesses a claimant's RFC. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The RFC is the maximum that a claimant can still do despite his mental and physical limitations." *Craft v. Astrue*, 539 F.3d 668, 675–76 (7th Cir. 2008).

3

alleged pain. (*Id.*) Second, the Appeals Council found that even if Claimant were assumed to be limited to a sedentary exertion level, the ALJ's decision contained an error of law. (R. 6.) The Appeals Council found that the ALJ's finding at step four of the evaluation process seemed to have relied on the VE's testimony that Claimant is unable to perform past relevant work because the work no longer exists in the national economy. (*Id.*) The Appeals Council disagreed and found that if Claimant is capable of performing her past work, she must be found not disabled regardless of whether that work still exists. (*Id.*)

The Appeals Council's decision is the final decision of the Commissioner and, therefore, reviewable by this Court under 42 U.S.C. § 405(g). *Moothart v. Bowen*, 934 F.2d 114, 116 (7th Cir. 1991) (the decision of the Appeals Council, not the ALJ, is the Commissioner's final decision).

## II. STANDARD OF REVIEW

The Commissioner is authorized "on [her] own motion, to hold such hearings and to conduct such investigations and other proceedings as [s]he may deem necessary or proper for the administration of [federal old-age, survivors, and disability insurance benefits programs]." *Bauzo v. Bowen*, 803 F.2d 917, 921 (7th Cir. 1986). Under 42 U.S.C. § 405(g) federal courts may review the Commissioner's "final decision" and the findings of the Commissioner are conclusive if supported by substantial evidence. *Id.* Evidence is substantial when it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011) (internal citations omitted). The Commissioner "must identify the relevant evidence and build a 'logical bridge' between the evidence and the ultimate determination." *Barnett v. Colvin*, 2016 WL 6780325, at *5 (N.D. Ill. Nov. 15, 2016) (citing *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014)).

4

Here, neither party challenges the Appeals Council's discretion to review the ALJ's decision in this case. Therefore, the Commissioner's final decision is the Appeals Counsel's decision for purposes of judicial review under 42 U.S.C. § 405(g), and this Court is limited to reviewing the Appeals Council's decision. *See Schoenfeld v. Apfel*, 237 F.3d 788, n. 2 (7th Cir. 2001) (citing 20 C.F.R. §§ 404.979, 404.981); *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992).

### III. ANALYSIS

Claimant asserts three errors on appeal: (1) the Appeals Council's adverse credibility determination is not supported by substantial evidence; (2) the Appeals Council failed to provide "good reasons" for discounting the opinion of Claimant's treating physician; and (3) the Appeals Council's RFC determination is not supported by substantial evidence. [ECF No. 22, at 10-14.]

As a threshold matter, the Seventh Circuit consistently has required that an ALJ must state the reasons for his/her conclusions in a manner sufficient to permit an informed review, and those same requirements necessarily apply when reviewing an Appeals Council's decision. *Bauzo v. Bowen*, 803 F.2d 917, 923 (7th Cir. 1986) (citing *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir.1984)). After reviewing the record, the Court finds that the Appeals Council's decision lacks proper analysis to support its conclusion, and remand is appropriate. The Court cannot review the soundness of the Appeals Council's decision on the record before it under the controlling legal framework without more explanation. The Court has not concluded that the Appeals Council's determination is incorrect, only that further explanation is needed.

As an initial matter, in its decision, the Appeals Council states that it "adopts the [ALJ's] statements ... regarding the evidentiary facts, as applicable" but "does not adopt the [ALJ's] findings or conclusion regarding whether the claimant is disabled." (R. 4). This is confusing. It is

not clear to this Court which facts and statements from the ALJ that the Appeals Council has adopted and deemed applicable and which facts and statements were not. The Court cannot and will not speculate about such basic matters.

## A. The Appeals Council's Credibility Determination

Claimant argues that the Appeals Council failed to engage in a two-step analysis for assessing Claimant's credibility and that the Court should give little deference to the Appeals Council's credibility assessment because it did not hear live testimony. [ECF No. 22, at 14.] The Commissioner argues that the Appeals Council considered Claimant's credibility and that the Appeals Council provided good reasons for its credibility determination. [ECF No. 24, at 8.] This Court agrees with Claimant to the extent that the Appeals Council failed to engage in a proper analysis in assessing her credibility. The Court, however, is not persuaded by Claimant's argument that the Appeals Council's credibility assessment is flawed because it did not hear live testimony.

A credibility determination "must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." SSR 16–3p.[4] Although the Court is reviewing the decision of the Appeals Council and not the ALJ, the Appeals Council is held to the same standard in its review as the ALJ. *Bauzo*, 803 F.2d at 923 (holding that the reasons for the ALJ's conclusions must be stated in a manner sufficient to permit an informed review and similar requirements apply when reviewing a decision of the Appeals Council) (internal citations omitted). When the Appeals Council rejects an ALJ's credibility findings, "it should do so

---

[4] The new ruling eliminates the term "credibility" from the Administration's sub-regulatory policies to "clarify that subjective symptom evaluation is not an examination of the individual's character." *See* SSR 16–3p at *1, 2016 WL 1119029 (effective March 28, 2016).

6

expressly and state its reasons for doing so." *Id.* at 922. This will enable a reviewing court to be able to determine whether the Appeals Council's reasons for rejecting the ALJ's credibility determination are based on substantial evidence. *Id.*

In this case, the Appeals Council did not explicitly express whether or not it agreed with the ALJ's credibility finding. The Appeals Council stated, "Although the claimant has alleged joint pain in the back, knees and hands, examinations and objective imaging do not support that she has medically determinable impairments that could reasonably result in this pain." (R. 5.) The Appeals Council then goes on to list six instances in which Claimant had x-rays taken of both her hands, back, right knee, and only noted that the results were "normal" or "negative for abnormalities." (*Id.*) This is where the Appeals Council's analysis regarding Claimant's allegations of pain ends. It is well-settled that an ALJ, or in this case the Appeals Council, "may not disregard subjective complaints merely because they are not fully supported by objective medical evidence." *Knight v. Chater*, 55 F.3d 309, 314 (7th Cir. 1995). However, the Appeals Council did not discuss any of Claimant's hearing testimony in its decision or attempt to reconcile the objective medical evidence with Claimant's testimony about the constant pain she experiences in her hands, arms and knees. (R. 36–46.)

Overall, the Appeals Council's opinion lacks sufficient explanation regarding Claimant's credibility, and remand is appropriate. To be clear, the Court is not finding that the Appeals Council must credit Claimant's testimony and award benefits. Rather, on remand, the Appeals Council should evaluate the entire record, including specifically Claimant's testimony, and sufficiently explain the rationale that underlies whatever decision it makes in accordance with the guidance of SSR 16-3p.

## B. The Appeals Council's Analysis of Claimant's Treating Physician

Claimant next argues that the Appeals Council failed to provide "good reasons" for discounting the opinion of her treating physician, Awais Azmat, M.D. [ECF No. 22, at 10.] The Court agrees. The Appeals Council failed to indicate whether or not it was discounting Dr. Azmat's opinion or what weight it gave Dr. Azmat's opinion. Under the "treating physician rule," an ALJ must give controlling weight to a treating physician's opinion if the opinion is both (1) "well-supported by medically acceptable clinical or laboratory diagnostic techniques;" and (2) "not inconsistent with the other substantial evidence" in the case record. 20 C.F.R. § 416.927(c); *see Scott v. Astrue,* 647 F.3d 734, 739 (7th Cir. 2011). The ALJ also must "offer good reasons for discounting" the opinion of a treating physician. *Campbell v. Astrue,* 627 F.3d 299, 306 (7th Cir. 2010) (internal citations omitted); *Scott,* 647 F.3d at 739.

In this case, the Appeals Council specifically discusses medical evidence from Claimant's treating physician, Dr. Azmat, and the consultative examiner, Carolyn Hildreth, M.D. (R. 5.) The Appeals Council vaguely summarizes the findings of Dr. Azmat and Dr. Hildreth with little analysis or interpretation of those records and simply concludes without any explanation why that "[t]his evidence does not document medically determinable impairments and limitations that have lasted or were expected to last a continuous period of 12 months." (*Id.*) Additionally, the Appeals Council does not explain what weight, if any, it gave to the physicians' opinions, as required by the SSR. *See* SSR 96–7p.[5] *See* 20 C.F.R. 404.1527(c) (stating that the Administration "will evaluate every medical opinion we receive"). In the absence of any such analysis or explanation, the Appeals Council failed to demonstrate that substantial evidence supports its conclusions.

---

[5] Superseded by SSR 16-3p.

### C. The Appeals Council's RFC Finding

Finally, Claimant argues that the Appeals Council's RFC finding is not supported by substantial evidence. [ECF. No. 22, at 10.] This Court agrees with Claimant that the Appeals Council did not build a logical bridge from the evidence to its conclusion in determining Claimant's RFC, and remand is required for this reason as well.

Here, the Appeals Council states in its decision that "physical examinations do not show that the claimant was limited to sedentary exertion." (R. 5.) This conclusory statement is followed by the regurgitation of facts from doctor visits with Dr. Azmat and Dr. Hildreth without any explanation of how the Appeals Council interpreted the medical records and determined that the medical evidence does not support a finding that Claimant was limited to sedentary exertion as of November 2013, particularly in light of Claimant's testimony about the pain she experiences on an daily basis. (*Id.*) The Appeals Council cites Dr. Azmat's finding that Claimant was capable of lifting and carrying up to 20 pounds occasionally and physically capable of working an 8-hour day, five days a week, on a sustained basis. (*Id.*) However, the Appeals Council does not compare or weigh this against any of Claimant's testimony or the additional visits Claimant had with Dr. Azmat and another doctor after that who was not mentioned. Specifically, Claimant testified that can stand comfortably for about 20 minutes and sit for 45 minutes to an hour and can only lift about 10 pounds without pain. (R.42–43.)

When formulating an RFC assessment, an adjudicator must "evaluate all limitations that arise from medically determinable impairments, even those that are not severe." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). An RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Mills*

*v. Colvin*, 959 F. Supp. 2d 1079, 1094 (N.D. Ill. 2013) (quoting SSR 96-8p.) This Court has neither the responsibility nor the ability to make those factual findings and construct its own RFC when the Appeals Council did not do so. This is not to say that the Court believes there is no set of facts or reasoning that could support the Appeals Council's ultimate decision in this case. But much more is required to permit this Court to conduct a meaningful review and draw a reasoned conclusion either way concerning the Appeals Council's decision. The Appeals Council failed to discuss crucial pieces of the logical bridge to support its conclusions with sufficient explanation as why it rejected (or did not reject as the case may be) Claimant's treating physician's opinion and how it evaluated Claimant's testimony when determining Claimant's RFC.

## D. The Appeals Council's Legal Determination That Claimant Can Perform Her Past Relevant Work

The Appeals Council determined that even if Claimant were assumed to be limited to a sedentary exertion level, the ALJ's decision contained an error of law. (R. 6.) The Appeals Council found that the ALJ's finding at step four of the evaluation process seemed to have relied on the VE's testimony that Claimant is unable to perform past relevant work because the work no longer exists in the national economy. (*Id.*) The Appeals Council disagreed and found that since Claimant is capable of performing her past work, she must be found not disabled regardless of whether that work still exists. (*Id.*) This appears to be a correct statement of law as Social Security Ruling 05-1c provides that a claimant who remains physically and mentally capable of performing her past relevant work will be found not disabled, regardless of whether that previous work exists in the national economy. This legal determination, however, does not save the Appeals Council's decision.

The decision of the Appeals Council, not the ALJ's decision, is the Commissioner's final decision, and this case rises and falls on what the Appeals Council stated in its opinion. The Appeals Council still must identify the relevant evidence and build a logical bridge between the evidence and its ultimate determination. Here, the Appeals Council said it disagreed with the ALJ's RFC determination. But then it went on to say that "even if the claimant were limited to the sedentary residual functional capacity found by the Administrative Law Judge, she is capable of performing her past work . . . and we must find the claimant not disabled." (R. 6.) Ultimately, the Appeals Council effectively adopted the ALJ's RFC determination with which it disagreed and, on that basis, concluded that Claimant is not entitled to benefits as a matter of law. Critically, however, the Appeals Council did not articulate why it believes substantial evidence supports the ALJ's RFC determination (or if, in fact, the Appeals Council harbored that belief), so that aspect of its decision is unreviewable.

The Council's rationale appears simply to be that if it were to agree with the ALJ, then Claimant can perform her past relevant work, and she is not disabled. That is not so much a reasoned decision based on substantial evidence and a logical bridge articulated on the record as it is a short cut to a result based on the ALJ's findings with which the Appeals Council earlier said it disagreed. In the Court's view, to be able to review the Appeals Council's rationale for a conclusion that the ALJ's RFC determination is correct, the Council would have had to lay out the evidence that supports the conclusion that Claimant has the RFC to perform sedentary work and then build a logical bridge to its conclusion beyond simply postulating a result based on the pretense that it agrees with the ALJ, when it earlier said it did not.

For all of these reasons and the reasons discussed above, the case must be remanded.

### E. Other Matters

Claimant also argues that the Appeals Council failed to weigh the third party opinion of Claimant's adult granddaughter. [ECF No. 22, at 15.] Because this case requires remand for the above-discussed issues, the Court will not evaluate this argument at this time. However, on remand, the Appeals Council should address it as necessary.

## IV. CONCLUSION

For the reasons stated above, Claimant's Motion for Summary Judgment [ECF. No. 21] is granted, and the Commissioner's Motion [ECF No. 23] is denied. The decision of the Commissioner is reversed, and the case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: January 24, 2018